IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**OSCAR OTERO FLORES,**

    Plaintiff,

v.                                                              **CASE NO. 5:12-cv-50-RS-GRJ**

**UNITED STATES OF AMERICA,**

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Response (Doc. 7).

In order to overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

Plaintiff was an inmate at the Marianna Federal Correctional Center ("FCI"). Two opposing gangs, the Paisa and the Surenos, had members imprisoned at FCI. On June 30, 2010, members of the Paisa gang attacked Plaintiff, a former member of the Surenos gang. Defendant claims that employees of FCI had knowledge of a possible attack and failed to separate the gangs before and during the attack. Defendant brought its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction claiming that Plaintiff's allegations fall within the discretionary function exception to the Federal Tort Claims Act ("FTCA") waiver of immunity.

Under the FTCA, the government waives its immunity to tortious actions by its employees committed within the scope of their employment. *Nguyen v. United States*, 556 F.3d 1244, 1250-51 (11th Cir. 2009). However, there is a "discretionary function exception" to this rule. This exception precludes government liability for "[a]ny claim based upon … the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 12 U.S.C. § 2680(a) (2011). "When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists." *United States Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009).

The Supreme Court established a two-part test to determine if the discretionary function exception applies. First, courts must determine whether an act "involv[es] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). If the court decides the act did involve an element of judgment or choice, then courts have to determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.*

Construing Plaintiff's allegations as true, Defendant fails to meet the first prong of the test. The complaint alleges that "the officer responsible for supervising the recreation yard failed to follow a directive not to allow large groups of inmates to congregate in the yard …." (Doc. 1, p. 23). Additionally, Plaintiff claims that the "officer's failure to follow orders and directives pertaining to supervising and patrolling the inmates in the recreation yard … was the proximate cause of the assault on Plaintiff and the serious and permanent injuries he suffered." (Doc. 1, p. 41).

In a Fifth Circuit case, *Garza v. U.S.*, the defendant brought a suit under the FTCA "for injuries sustained during a clash between rival gangs in a penitentiary recreation yard." 161 Fed. Appx. 341, 343 (5th Cir. 2005). Plaintiff pled that the supervising officer failed to follow a post order pertaining to patrolling, supervising, and prohibiting large groups of inmates from gathering together. *Id.* at 344. The Fifth Circuit determined that there was a post order that prescribed a

course of action for the guard on duty and that the discretionary function did not bar the cause of action. *Id.*

Plaintiff alleges that there are specific directives and orders the officer should have followed—meaning that the officer had no choice and could not use his judgment in the situation. Construing Plaintiff's allegations as true, it would be premature to dismiss his claims. Therefore, because Defendant fails to meet the first prong of the test, the discretionary function exception does not apply. Therefore, Defendant's motion to dismiss is **DENIED**.

**ORDERED** on July 19, 2012.

          **/s/ Richard Smoak**
          **RICHARD SMOAK**
          **UNITED STATES DISTRICT JUDGE**